IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLL BROS. INC., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO.  07-1296 |
| CENTURY SURETY COMPANY, ET AL., : | |
| : | |
| Defendants. : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                                                                          **March 6, 2008**

Presently before the Court is Defendant Essex Insurance Company's Motion for Summary Judgment (Doc. 20).  Oral argument on Defendant's Motion was held before the Court on February 22, 2008.  For the reasons set forth below, upon consideration of the Motion and Responses thereto, this Court will grant Defendant's Motion for Summary Judgment.

**BACKGROUND**

From the evidence of record, taken in a light most favorable to the Plaintiff, the pertinent facts are as follows.  Plaintiff, Toll Brothers, Inc. ("Toll Bros."), a luxury homebuilder, filed suit against Defendant Essex Insurance Company ("Essex"), alleging breach of contract and breach of good faith and fair dealing, and seeking declaratory judgment.[1]  Toll Bros. contends that Essex was required to defend and indemnify Toll Bros. in certain litigation matters, but failed to do so.

Toll Bros. alleges that it hired H.A.S. Protection, Inc. ("H.A.S.") to install fire control systems in a number of Toll-built residential communities in the greater Philadelphia area.  As part of the contract between Toll Bros. and H.A.S., H.A.S. was required to name Toll Bros. as an

---

[1] Toll Bros. originally filed suit against four defendants: Essex, Century Surety Insurance Company, Transportation Insurance Company and ABC Corps. 1-100.  Toll Bros. voluntarily dismissed its claims against Transportation and Century Surety on June 13, 2007 and August 21, 2007, respectively.

additional insured under its insurance policy with Essex.  Toll Bros. further alleges that H.A.S. added Toll Bros. as an additional insured on its insurance policy with Essex, and that the Essex insurance policy required Essex to defend and indemnify Toll Bros., as an additional insured, in any suits related to damages caused by the H.A.S. fire control systems.

Notably, although HA.S.'s insurance coverage spanned from June 26, 2003 to June 26, 2005, Toll Bros. was listed as an additional insured only for the period October 30, 2003 to June 26, 2004.[2]  The Additional Insured Endorsement issued to H.A.S. by Essex provides:

> SECTION II - WHO IS AN INSURED of the Commercial General Liability
> Form is amended to include:
>
> Person or Entity:
> TOLL BROTHERS, INC. AND IT'S SUBSIDIARIES AND AFFILIATES
> ...
>
> Interest of the Above:
> FIRE SUPPRESSION INSTALLATION
>
> as an additional insured under this policy, but only as respects negligent acts or omissions of the named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.
>
> It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Deft's Reply at 11.  Thus, as an additional insured, Toll Bros.'s coverage under the Essex insurance policy was coextensive with the coverage for H.A.S., the Named Insured.

In 2005 and 2006, Toll Bros. was named as a defendant in three state court actions in Chester County, Pennsylvania.  In each suit, the plaintiffs alleged that their respective homes

---

[2] Essex issued to H.A.S. commercial generical liability (CGL) Policy No. 3CK6280 (effective June 26, 2003 to June 26, 2004) and CGL Policy No. 3CK6533 (effective June 26, 2004 to June 26, 2005).
Toll Bros. was named as an additional insured under only one of the Essex Policies, Policy No. 3CK6280, with an endorsement effective date of October 30, 2003 and end date of June 26, 2004.

were damaged as a result of the H.A.S. sprinkler systems. Toll Bros. asserts that contrary to its status as an "additional insured," Essex refused to defend and indemnify Toll in these law suits.

Significantly, in a prior action, Essex Insurance Co. v. H.A.S. Protection, Inc., No. 06-5076, this Court granted Essex's request for declaratory relief against H.A.S. in connection with the aforementioned insurance policies. More particularly, on May 7, 2007, this Court granted Essex's unopposed motion for summary judgment,[3] finding that H.A.S. knowingly made material misrepresentations of fact by failing to disclose known and potential claims regarding Senju sprinkler heads to Essex during the insurance application process. Further, the Court rescinded and declared null and void the insurance contracts between Essex and H.A.S, and also declared that Essex was no longer required to defend or indemnify H.A.S. in any known or future claims against H.A.S. relating to the defective design or installation of any sprinkler system (including but not limited to the Senju sprinkler systems). Toll Bros. filed a motion to intervene in that action on May 8, 2008, which the Court denied as moot. Toll Bros. did not appeal.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing

---

[3] H.A.S. did not plead or otherwise appear and default was entered shortly before Essex filed its summary judgment motion. Toll Bros.'s Complaint indicates that H.A.S has and/or will file a petition for bankruptcy.

the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against opponent, even if the quality of the movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 25.

## DISCUSSION

Essex contends that it is entitled to summary judgment. First, Essex argues that there is no coverage available with respect to the Essex insurance policies because they have been rescinded and declared null and void by this Court's Order in Essex v. H.A.S. Protection, which should be given preclusive effect. Next, Essex argues that coverage is barred under the terms of the insurance policy. Specifically, Essex claims that coverage is precluded because the asserted

4

claims of Toll Bros. occurred after expiration of the insurance policy and/or additional insured endorsement, the three state court actions do not involve an "occurrence" as defined by the policy, and several of the policy's "business risk" exclusions expressly preclude coverage.

This Court will grant Essex's Motion for Summary Judgment because the decision in Essex v. H.A.S. Protection has claim preclusive effect, thereby barring litigation of the instant action, and no coverage exists for Toll Bros. under the Additional Insured Endorsement.[4]

### 1.     Res Judicata

Res judicata, or claim preclusion, prevents a party from raising or defending against claims that have already been decided in a prior judicial decision. Bell Atlantic-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n, 273 F.3d 337, 345 (3d Cir. 2001). The doctrine of res judicata is based on concerns of fairness, reliance on the finality of prior judicial decisions, and the expectation of not having to conform conduct to inconsistent decisions or legal obligations. Id. The party asserting res judicata must show "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).

Here, Essex contends that all three elements are satisfied. Toll Bros. disputes only the third element, maintaining that res judicata does not apply because the two cases at issue involve different causes of action.[5] In the prior action, Essex sought to rescind and declare null and void

---

[4] Other arguments set forth by Toll Bros. in opposition to Essex's Motion for Summary Judgment will not be discussed as there is sufficient basis to grant summary judgment.

[5] The other two elements of res judicata are satisfied. The Court's decision in Essex v. H.A.S Protection, granting summary judgment to Essex, was a final judgment on the merits, from which no appeal was taken. See FED. R. APP. P. 4(a)(1)(A) (stating that an order of the district court becomes final when a notice of appeal is not filed within thirty (30) days after the order is entered); Hubicki v. ACF Industries, Inc., 484 F.2d 519, 524 (3d Cir. 1973) (noting that in the claim preclusion context, "the law is clear that summary judgment is a final judgment on the merits"). Toll Bros. was in privity with H.A.S., a party to the prior action, because as contractor-subcontractor and named insured-additional insured, the two shared a concurrent interest in coverage under the Essex insurance policy

the insurance contracts due to H.A.S.'s material misrepresentations regarding its fire control systems.  In the instant action, Toll Bros. asserts breach of contract, defense and indemnification, breach of good faith and fair dealing, and third party beneficiary claims.

There is no bright-line test for determining what constitutes a cause of action for res judicata purposes.  Id. (citing United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984)).   A mere difference in the theory of recovery is not dispositive.  Id.; accord Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 549 (3d Cir. 2006) (stating that "the mere advancement of a different legal theory ... is insufficient to give rise to a different cause of action so that res judicata does not apply.").  Rather, the court must look to the "essential similarity of the underlying events" giving rise to the two lawsuits.  Id. (citing Davis v. United States Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982) (en banc), cert. denied, 460 U.S. 1014 (1983)).   In other words, the court must determine whether the claims asserted in the two cases arise out of the same transaction or occurrence.  Id.  As the United States Supreme Court has stated:

> Res judicata not only bars relitigation of claims previously litigated, but also precludes claims that could have been brought in earlier proceedings. Under the doctrine of res judicata, "when a final judgment has been entered on the merits of a case, 'it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat  the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

Arizona, 530 U.S. at 424-25 (quoting Nevada v. United States, 463 U.S. 110, 129-130 (1983)).

Although Toll Bros. relies on a different theory of recovery—breach of contract claims, rather than declaratory judgment—the two suits are based on the same cause of action.  In both

---

during the proscribed policy period of October 30, 2003 to June 23, 2004.  See Borough of Lansdale v. PP&L, Inc., 426 F. Supp. 2d 264, 301 (E.D. Pa. 2006) (stating that a nonparty is in privity with a party "where the nonparty has succeeded to, or shares a concurrent right to, the party's interest in property").

actions, the parties ultimately sought/seek to determine the validity of the Essex insurance policy and whether Essex had a duty to indemnify and defend against litigation involving the defective fire control systems installed by H.A.S.  Because the two suits involve the same cause of action, and a final judgment on the merits was issued in Essex v. H.A.S. Protection, an action which involved  H.A.S., Toll Bros.'s privy, res judicata bars litigation of the instant action.

### 2.     Additional Insured Endorsement

In addition to having claim preclusive effect, the Court's decision in Essex v. H.A.S. Protection viewed in conjunction with the Additional Insured Endorsement precludes coverage for Toll Bros.  Under the Endorsement, coverage for Toll Bros. and H.A.S is co-extensive.  In pertinent part, the Endorsement states: "[W]here no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the ... additional insured."  As stated above, the insurance policy between Essex and H.A.S has been rescinded and nullified.  Because coverage for the Named Insured, H.A.S., has been rescinded, there exists no coverage for the additional insured, Toll Bros., pursuant to the terms of the Additional Insured Endorsement.  See St Paul Fire & Marine Ins. Co. v. Lewis, 935 F.2d 1428, 1431 (3d Cir. 1991) (stating that in construing an insurance policy, courts should give unambiguous terms their plain and ordinary meaning);  Hamilton Bank, et al. v. Ins. Co. of N. Am., 557 A.2d 747, 750 (Pa. Super. Ct. 1989) (stating that interpretation of the terms of an insurance contract is a question of law).

### **CONCLUSION**

For the foregoing reasons, this Court will grant Defendant's Motion for Summary Judgment.   An appropriate order follows.