IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLL BROS., INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY SURETY COMPANY; TRANSPORTATION INSURANCE COMPANY; ESSEX INSURANCE COMPANY; and ABC CORPS. 1-100, <br><br> Defendants. | **Docket No.: 07-cv-01296** |

## MEMORANDUM OF LAW IN SUPPORT OF TOLL BROS., INC.'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Toll Bros., Inc. ("Toll") hereby moves, pursuant to Fed.R.Civ.P. 37, for an order compelling Essex Insurance Company ("Essex") to (a) designate and produce a witness in accordance with the November 5, 2010, Rule 30(b)(6) deposition notice issued by Toll to Essex, and (b) produce Fed.R.Civ.P. 26 disclosures. Toll also seeks attorneys' fees and costs incurred in pursuing its motion.

This Motion is necessitated by Essex's failure to produce a representative for deposition despite its repeated promises to provide deposition dates. Counsel for Toll has attempted to confer with counsel for Essex by e-mail and telephone since November 16, 2010 in a good-faith and a sincere effort to resolve this discovery dispute, in accordance with Local Rule 26.1(f). Despite Toll's best efforts, Essex continues to stonewall Toll's attempts to obtain discovery information which is critical to Toll's case, thereby necessitating this Motion and Court intervention.

I.     **Background Facts**

This matter was commenced by Toll Bros., Inc. against Century Surety Company ("Century"), Essex Insurance Company ("Essex"), and Transportation Insurance Company, on or about February 15, 2007, in the Court of Common Pleas, Chester County. See Certification of Counsel at paragraph 4. By way of removal instituted by Essex Insurance Company ("Essex"), on March 30, 2007, this matter was transferred to the United States District Court for the Eastern District of Pennsylvania. See Certification of Counsel at paragraph 5. During the initial pleading phase of the case, Toll came to agreements with Transportation and Century resulting in their voluntary dismissal from the case, leaving Essex as the only remaining defendant as of August 21, 2007. See Certification of Counsel at paragraph 6.

Between August 2007 and the present, this case has taken multiple turns including the granting of a motion for summary judgment in favor of Essex on March 6, 2008, the reversal of that Order by the United States Court of Appeals for the Third Circuit on March 24, 2009, the relisting of the matter on the Eastern District of Pennsylvania's Docket on November 17, 2009, and settlement negotiations and conferences, with the assistance of Magistrate Judge Linda K. Caracappa, from April 1, 2010 to August 2010. See Certification of Counsel at paragraph 7. In August 2010, the matter was transferred back to the Honorable Petrese B. Tucker, U.S.D.J. and a Notice of Hearing was issued by the Court on September 10, 2010 setting a pre-trial conference for November 30, 2010. See Certification of Counsel at paragraph 8.

Although Toll was ready, willing and able to prosecute its claims against Essex, Toll required discovery including, but not limited to, depositions and Essex's Rule 26 disclosures. Toll filed a motion with the Court on October 22, 2010 (see Docket Document # 37), seeking an order adjourning the requirements of the September 10, 2010 Pre-Trial Conference Notice and entering a new scheduling order which allowed the Parties time to complete limited, but

2

necessary, discovery and scheduling times for the Parties to submit dispositive motions. See Certification of Counsel at paragraph 9. On October 29, 2010, the Court entered an Order (see Docket Document #38) granting Toll's motion, cancelling the November 30, 2010 pre-trial conference and setting forth the following case management deadlines:

  a. Discovery to be completed by December 29, 2010;

  b. Motions for summary judgment or partial summary judgment to be filed by January 31, 2010;

  c. The party against whom summary judgment is addressed shall file a response by February 21, 2010; and

  d. The case will be placed on the Court's trial list for April 25, 2011.

See Certification of Counsel at paragraph 10. In accordance with the October 29, 2010, case management order, Toll served a Rule 30(b)(6) deposition notice on Essex Insurance Company, on November 5, 2010, scheduling the deposition of Essex personnel for December 3, 2010. See Certification of Counsel at paragraph 11.

Thereafter, on November 16, 2010, Toll conferred with counsel for Essex via e-mail in regard to rescheduling the December 3, 2010, deposition due to conflicts which arose (as a result of December 3, 2010, being a motion return day in New Jersey Superior Court) and asking for new dates to reschedule Essex's deposition. See Certification of Counsel at paragraph 12. Between November 16, 2010, and January 20, 2010, Toll attempted to work with counsel for Essex to schedule the deposition of Essex representatives. A summary of Toll's attempts to arrange for the deposition of Essex representatives is as follows:

  a. On November 17, 2010, Jeffrey K. Newman, Esq. of Flaster/Greenberg, P.C. conferred with George McCool, Esq., counsel for Essex, via telephone in regard to possible new dates for the deposition of Essex personnel. See Certification of Counsel at paragraph 13a.

3

b. On November 24, 2010, Jeffrey K. Newman, Esq. of Flaster/Greenberg, P.C. conferred with George McCool, Esq., counsel for Essex, via telephone in regard to possible new dates, as well as the areas of inquiry, for the deposition of Essex personnel. See Certification of Counsel at paragraph 13b.

c. On December 2, 2010 (8:43 a.m.), Toll corresponded with counsel for Essex inquiring if Essex had come up with proposed dates for the deposition of Essex personnel. See Certification of Counsel at paragraph 13c.

d. On December 2, 2010 (2:09 p.m.), counsel for Essex advised that he would finalize Essex's witnesses and proposed dates later that day or by early December 3, 2010. Essex also inquired if December 17, 2010, would be an acceptable date. See Certification of Counsel at paragraph 13d.

e. On December 2, 2010 (2:18 p.m.), Toll confirmed that depositions of Essex personnel could proceed on the afternoon of December 17, 2010, or anytime on December 20, 21, 28, or 29. See Certification of Counsel at paragraph 13e.

f. On December 14, 2010, Essex advised that its deposition representative had recently undergone surgery and would not be available for deposition until after the deadline established by the Court's October 29, 2010, case management order. See Certification of Counsel at paragraph 13f.

g. On December 21, 2010, Toll contacted counsel for Essex to ascertain if Essex had new proposed dates for the deposition of Essex's Rule 30(b)(6) representative. See Certification of Counsel at paragraph xx. Counsel for Essex replied on December 22, 2010, advising that he was still waiting for new dates from Essex's representative and would forward dates as soon as he received same from Essex. See Certification of Counsel at paragraph 13g.

4

h. On January 4, 2010, and again on January 11, 2011, Toll corresponded with Essex again requesting dates for the deposition of Essex personnel and expressing the need to obtain dates as soon as possible in light of the January 31, 2010, deadline for the filing of summary judgment motions. See Certification of Counsel at paragraph 13h.

i. On January 12, 2011, counsel for Essex advised that he would contact counsel for Toll later that afternoon to discuss dates for the deposition of Essex personnel. See Certification of Counsel at paragraph 13i.

j. As Toll did not hear back from Essex on January 12, 2011, Toll corresponded with counsel for Essex on January 13, 2011, again requesting dates for deposition. See Certification of Counsel at paragraph xx. Counsel for Essex advised that he was waiting to hear from Essex and would continue to reach out to Essex for deposition dates. See Certification of Counsel at paragraph 13j.

k. With no word from Essex, and the January 31, 2011 deadline for submitting summary judgment motions looming, Toll again reached out to counsel for Essex on January 18, 2011, demanding that Essex provide dates to depose Essex personnel by January 19, 2011. See Certification of Counsel at paragraph xx. Toll also followed up with counsel for Essex on January 19, 2011. See Certification of Counsel at paragraph 13k.

l. On January 20, 2011, counsel for Essex advised that he has been unable to get a reply from Essex in regard to a date to depose an Essex representative and that he would contact them hourly until he received a response. See Certification of Counsel at paragraph 13l.

Despite Toll's attempts to procure a date for the deposition of Essex representatives, and Essex's repeated promises to provide dates, Essex has not provided a date to conduct Toll's

noticed Rule 30(b)(6) deposition, to the detriment of Toll. In addition to failing to provide dates for the deposition of Essex personnel, Essex has also failed to provide Toll with Essex's Rule 26 disclosures, despite the fact that it received Toll's initial disclosures on August 9, 2007. See Certification of Counsel at paragraph 15.

Essex's failure to produce a representative for deposition as required by Toll's November 5, 2010, Rule 30(b)(6) deposition notice, and to participate in discovery as envisioned by the Court's October 29, 2010, case management order, including the production of Rule 26 disclosures, has (a) led to Toll being unable to gather necessary discovery information and (b) necessitated the filing of this Motion. In the event Essex refuses to provide responsive information, then Toll reserves the right to assert an expoliation of evidence claim.

## II.   LEGAL ARGUMENT

Rule 30 of the Federal Rules of Civil Procedure addresses the appointment of corporate designees:

> A party may in the party's notice and in a subpoena name as the deponent a . . . private corporation . . . and describe with reasonable particularity the matters on which examination is requested. . . . [T]he organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to the matters know or reasonably available to the organization.

Fed.R.Civ.P. 30(b)(6). As noted by the Court in Helfer v. Marriott International, Inc., 2007 WL 433477 (E.D.Pa. Feb. 8, 2007), Rule 30(b)(6) "imposes a duty on a corporation to name one or more persons who consent to testify on its behalf and who are able to testify as to matters known or reasonably available to the corporation." Id. at *2, citing Barron v. Caterpillar, Inc., 168 F.R.D. 175, 176 (E.D.Pa. 1996). When a corporate designee lacks sufficient knowledge of the relevant facts to provide adequate responses to the discovering party's

6

requests, the corporation bears the burden of presenting an additional designee capable of providing sufficient answers. Id. The purpose of the Rule is to facilitate the securing of a corporation's testimony and to reduce the overall number of depositions needed. Kanaji v. Philadelphia Child Guidance Center of Children's Hospital, 2001 WL 708898 (E.D.Pa. June 20, 2001). Claimed lack of knowledge is generally not sufficient for a protective order as the other side may test this claim by deposing the witness. Id. at *2.

Rule 37(a)(3)(B)(ii) provides that "a party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if: . . . . (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4). Fed.R.Civ.P. 37(a)(3)(B)(ii). In this case, Toll served a Rule 30(b)(6) deposition notice on counsel for Essex on November 5, 2010. See Certification of Counsel at paragraph 11. Toll's notice demanded the deposition of Essex "by such agents or other designated employees who are most knowledgeable concerning the areas of examination set forth on Attachment 'A' [to Toll's notice]." Id. Rule 30(b)(6) required Essex to designate a corporate representative for deposition. Despite Toll's best efforts to accommodate Essex, Essex has failed and/or refused to designate a corporate representative and failed and/or refused to provide Toll with dates to depose Essex's corporate designee to the detriment of Toll.

The burden is on the corporation seeking to avoid compliance to move for and justify a protective order. Kanaji, 2001 WL 708898 at *2; Fed. R. Civ. P. 26(c). Despite the fact that Essex would have the responsibility to formally seek a protective order in relation to Toll's Rule 30(b)(6) deposition, Essex has failed to file a motion with the Court for a protective order. Instead, Essex has, since November 2010, led Toll to believe that it would provide a corporate designee and dates for deposition knowing, what now appears to be all along, that it never intended to do so. Rather then taking an appropriate course of action to object to Toll's notice,

7

Essex has chosen to stonewall Toll in direct violation of Rule 30(b)(6) and the case law interpreting that Rule. Under Rule 37(a)(3)(B)(ii), Toll is entitled to an Order from the Court compelling Essex to designate and produce a corporate designee for deposition.

In addition to an Order compelling Essex to designate and produce a corporate designee for deposition, Rule 37 also permits the imposition of a variety of sanctions following a party's failure to provide discovery. <u>Greenberg v. Kraftsow</u>, 1990 WL 122932 (E.D.Pa. Aug. 21, 1990). Generally, the imposition of sanctions and the choice of an appropriate sanction is a matter committed to the sound discretions of the Court. <u>Id.</u>, citing <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 786 (3d. Cir. 1974); <u>Howes v. Medical Components, Inc.</u>, 698 F.Supp. 574, 580 (E.D.Pa. 1988).

Rule 37(b) permits the imposition of sanctions upon a person who disobeys an order of the Court: "If a party or . . . a witness designated under Rule 30(b)(6) . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed.R.Civ.P. 37(b)(2)(A); <u>State Farm Mutual Automobile Insurance Co., et al. v. New Horizont, Inc., et al.</u>, 250 F.R.D. 203, 217 (E.D.Pa. 2008). The rule also provides a non-exhaustive list of available sanctions including staying proceedings until the order is obeyed and treating the failure to obey an order as contempt of court. <u>Id.</u> Finally, the Court must also "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless "circumstances make an award of expenses unjust." Fed.R.Civ.P.37(b)(2)(c).

In addition to the sanctions allowed by Rule 37(b), Rule 37(d) allows the Court to order sanctions if "a party or. . . person designated under Rule 30(b)(6) fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i). A failure to appears "is not excused on the ground that discovery sought was objectionable, unless the party

8

failing to act has a pending motion for a protective order under Rule 26(c). Fed.R.Civ.P. 37(d)(2); State Farm, 250 F.R.D. at 217. Sanctions under Rule 37(d) include any of the sanctions allowed under Rule 37(b)(2)(A) and, as was the case with Rule 37(b), the Court must also "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless "circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3); State Farm, 250 F.R.D. at 217.

In this case, the Court provided the parties with an order on October 29, 2010, which directed the parties to complete discovery by December 29, 2010. Toll attempted to conduct depositions as required but was prevented from doing so as a result of Essex's failure to designate a corporate representative and provide mutually acceptable dates to conduct the deposition. See Certification of Counsel at paragraphs 11 to 14. Likewise, Essex failed to produce initial disclosures in accordance with Rule 26(a)(1). See Certification of Counsel at paragraph 15. In failing to provide a witness for the Rule 30(b)(6) deposition, and failing to provide Rule 26 disclosures, Essex failed to obey an order to provide or permit discovery, in violation of Rule 37(b). In addition, Essex failed to comply with Rule 37(d)(1)(A)(i) as Essex has failed to appear for deposition despite proper notice. See Certification of Counsel at paragraphs 11 and 14. Based upon Essex's violation of Rules 37(b) and 37(d), the Court must order Essex to pay the reasonable expenses, including attorneys' fees, caused by the failure. Fed.R.Civ.P. 37(b)(2)(C) and 37(d)(3). In addition, the Court may impose sanctions enumerated at Rule 37(b)(2)(A). Under the circumstances of this case, Toll submits that Essex's failure to comply with (a) the Court's October 29, 2010, Order and (b) Toll's Rule 30(b)(6) deposition notice, should be treated as contempt of court. Furthermore, Toll submits that directives 2 and 3 of the Court's October 29, 2010, case management order should be stayed pending the production of (a) an Essex representative for deposition, and (b) Essex's Rule 26 disclosures.

9

Staying directives 2 and 3 of the Court's October 29, 2010, case management order is necessary as any summary judgment motion filed by Toll, or any opposition provided in response to a summary judgment filed by Essex, will need to include information gathered at Essex's Rule 30(b)(6) deposition and contained in Essex's Rule 26 disclosures. Until that deposition can be taken and Toll is in possession of Essex's disclosures, summary judgment motion practice is premature.

## CONCLUSION

For the foregoing reasons, as well as those articulated at the time or oral argument, Toll requests and order compelling Essex to designate and produce a witness in compliance with Toll's Rule 30(b)(6) deposition notice and provide Toll with its Rule 26 disclosures. Furthermore, under the circumstances outlined herein, sanctions against Essex, in the form of contempt of court, imposition of attorneys' fees and costs, and staying of the October 29, 2010 case management order pending Essex's compliance with discovery obligations, is warranted.

FLASTER/GREENBERG P.C.

By: s/ James A. Kozachek
James A. Kozachek, Esquire (PA 62296)
200 American Metro Blvd., Suite 126
Trenton, NJ 08619
Telephone: 609-858-5900
Facsimile: 609-858-5919
james.kozachek@flastergreenberg.com
Attorneys for Toll Bros., Inc.

Dated: January 24, 2011