# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLL BROS. INC., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-1296 |
| CENTURY SURETY COMPANY, ET AL., : | |
| : | |
| Defendant. : | |

## MEMORANDUM OPINION

**Tucker, J.**                                                                                              **April \_\_\_, 2011**

Presently before this Court is Plaintiff, Toll Bros. Inc's Motion For Sanctions (Docs. 46, 48) and Defendant Essex Insurance Company's Response in Opposition thereto (Doc. 47) Plaintiff alleges that Defendant has engaged in a sanctionable discovery abuse by failing to comply with its deposition obligations. Upon careful consideration of the parties submissions and exhibits thereto and for the reasons set forth below the Court will deny Plaintiff's motion for sanctions without prejudice.

**I.**                                    **FACTUAL BACKGROUND**

The facts relevant to the instant motion are set forth below.

On January 24, 2011, Plaintiff Toll Bros. Inc. ("Toll Bros") petitioned this Court for an Order compelling discovery and for sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure against Defendant Essex Insurance Company ("Essex"). (Doc. 39) Defendant filed a response to the motion on February 3, 2011. (Doc. 42) Subsequently, on February 16, 2010, the Court issued an Order granting Plaintiff's motion to compel, however, the Court denied

Plaintiff's application for sanctions. (Doc. 43) The Court's Order directed Defendant to designate and make available for deposition a corporate representative. Additionally, the February 16, 2010 Order directed Defendant to produce its Rule 26(a)(1) and (a)(2) disclosures. Last, the Court specified that Defendant should comply with the directives within ten days of the date of the Order, February 26, 2011, or risk sanctions upon application to the Court. See (Doc. 43)

Following entry of the Court's February 16, 2010, Order Plaintiff and Defendant engaged in numerous telephone conversations and exchanged various emails in which they discussed the logistics of complying with the Court's Order, specifically, Essex's ability to produce the witness(es) for deposition. ( Exs. A & B, Pl.'s Mem in Further Support. of Mot.). Not having received confirmation that Essex would have witnesses available for deposition by February 29, 2011, Plaintiff filed the instant motion for sanctions on March 3, 2011. (Doc. 39) In an email dated March 7, 2011, counsel for Defendant identified the two witnesses that Essex intended to produce for deposition. Specifically, counsel noted that "[t]he witnesses will be Carl Bebber for claims information and Dennis Rusch for the underwriting." (Ex. C, Pl.'s Mem in Further Support. of Mot.).

On March 9, 2011, twelve days after the Court's deadline, Essex produced both Carl Bebber and Dennis Rusch for deposition. Plaintiff avers that neither witness had knowledge of the majority of the sixteen (16) areas outlined in Plaintiff's November 5, 2010, Rule 30(b)(6) notice of examination. (Pl.'s Mem in Further Supp. of Mot. 2-4) In support of this averment Plaintiff attached a copy of the deposition transcripts of both witnesses. A review of the transcripts show that both witnesses were largely unfamiliar with the majority of the areas Plaintiff sought to explore during the March 9, 2011, deposition and which Defendant was on

notice would be examined. Plaintiff argues that Defendant's production of Bebber and Rusch amounts to noncompliance as neither witness possessed sufficient knowledge to be deposed about the topics delineated in the deposition notice.[1] In fact, Plaintiff avers that Essex's production of the witnesses was not done in good faith and was in large part merely a means to avoid the imposition of sanctions against it. Accordingly, Plaintiff asks the Court to impose the following sanctions. First, Plaintiff asks the Court to deem a number of contested facts as established for purposes of this action. Secondly, Plaintiff asks that the Court to prohibit Defendant from supporting or introducing into evidence a number of defenses and claims. Additionally, Plaintiff asks the Court to direct Defendant to pay the reasonable expenses,

---

[1] See e.g., Bebber, Dep. 19: 7-20. Mar. 9, 2011.
Q: So let's go ahead and go down this list. First one being history of H.A.S. Protection's relationship list with Essex Insurance Company.
A: No personal knowledge.
Q: No personal knowledge? Okay. Would any information you have regarding that category come from your review of the materials and/or your discussions with Chuck Kyte?
A. Review of materials only.
Q: Review of materials only; okay. Dud you have any discussions with Rich Dowling at the point in time you took over this file from him? Did he give you any of the background history?
A: No

Rush Dep. 19: 8-24, 20: 1-4. Mar. 9, 2011.
Q: One of the claims in the case, Dennis is that H.A.S. during the application process made material omissions or representations in relation to claims or lawsuits that had been filed against it, specifically in relation to Senju sprinkler heads. Are you aware of that claim?
A: Not particularly, no, I mean - not–
Q: Okay. So , you're not aware of any of the facts of circumstances surrounding Essex's position that H.A.S. made material misrepresentations to Essex during the application process for insurance?
Mr. Mc Cool [Counsel for Defendant]: Other than what I may have told him.
A: Right
Q: Okay. You had no first-hand knowledge regarding that information?
A: None.
Q: So, the only information you have is based upon what Mr. McCool would have relayed to you in relation to the claims that Essex had against H.A.S.?
A: That's correct and that was yesterday.

including attorneys' fees incurred by Toll Bros as a result of Defendant's failure to participate in the discovery process.

In opposition, Defendant maintains that it has in fact fully complied with the Court's February 16, 2011, Order directing it to designate and produce a corporate representative for deposition. Additionally, Essex also appears to argue that its production of the two witnesses was not untimely because at the time Plaintiff filed the instant motion for sanctions the parties were engaged in a dispute concerning the location and costs associated with the deposition. In support of this argument Defendant cites to <u>Luther v. Kia Motors America, Inc.</u>, 2009 WL 1727909 (W.D. Pa. 2009) and <u>Rapoca Energy Co., L.P. v. AMCI Exp. Corp</u>., 199 F.R.D. 191, 192 (W.D. Va. 2001). Neither case is applicable to the instant motion as they concern the appropriate location for depositions, not the issue at hand, namely whether Essex has complied with the Court's Order directing it to produce a corporate representative for deposition. Last, Essex argues that any further discovery is irrelevant, as the parties have already exchanged voluminous documents. The Court rejects Defendant's argument and notes that Essex's position on the necessity of further discovery is of no consequence.

**II.**                                         **<u>LEGAL STANDARD</u>**

Federal Rule of Civil Procedure 37 (b)(2)(A) provides that "[i]f a party. . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule of Rule 35, or if a party fails to obey an order entered under Rule 26(f), 35, or 37(a), the court in which the action is pending may issue further just orders. Fed. R. Civ. P. 37(b)(2)(A). The section also provides a wide range of sanctions for a party's non-compliance with its discovery obligations, including discretion to deem facts as established, bar evidence, strike or dismiss

pleadings, enter a default judgment, and find a party in contempt. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

In the event that a court orders sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. "The decision to impose sanctions for discovery violations, as well as any determination as to what sanctions are appropriate, are matters generally entrusted to the discretion of the district court." Barbee v. SEPTA, 323 Fed. Appx. 159, 162 (3d Cir. 2009) (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007)). Nonetheless, "[a] trial court should avail itself of its inherent sanctioning power only when absolutely necessary." Klein v. Stahl GMBH & Co., 185 F.3d 98, 109 (3d Cir. Pa. 1999). See also Bartos v. Pennsylvania, 2010 U.S. Dist. LEXIS 43937 (M.D. Pa. 2010) (noting that "sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court." (citing Klein, 185 F.3d 98 (3d. Cir. 1999).

**III.**                                **DISCUSSION**

The appointment of corporate designees are governed by Fed. R. Civ. P. 30, which provides that "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity. . . . The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably

available to the organization. Fed. R. Civ. P. 30 (b)(6).

> Rule 30(b) also imposes a duty to produce an individual with knowledge over the relevant subject matter. The party seeking discovery names the corporation as the deponent, and "it is then the duty of the corporation to name one or more persons who consent to testify on its behalf and these persons must testify as to matters known or reasonably available to the corporation."

Barron v. Caterpillar, Inc., 168 F.R.D. 175, 176 (E.D. Pa. 1996)(citing Charles A. Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2103 (1994)).Plaintiff argues that Defendant failed to meet its obligations under Rule 30(b)(6) because designees Bebber and Rusch were unprepared for their depositions. The Court agrees and recognizes that Defendant was responsible to produce an appropriately prepared witness, and its failure to do so adversely affects Plaintiff. See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000) (noting that "when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), "producing an unprepared witness is tantamount to a failure to appear" that is sanctionable under Rule 37(d)"). Nonetheless, the Court does not find that Bebber and Rusch's inability to testify on all the issues delineated in the notice of examination is tantamount to non compliance. Given the facts presented in the parties pleadings, the Court does not find that Defendant acted willfully or in bad faith to obstruct discovery. The Court is also persuaded by the fact that the crux of this action focuses largely on a reading of the insurance policies at issue. Accordingly, the Court will require Defendant to produce for deposition, a corporate representative with knowledge the sixteen areas delineated in Plaintiff's notice of examination within twenty (20) days from the date of entry of this Order. Defendant's failure to do so will result in the imposition of sanctions.

**IV.** **CONCLUSION**

The Court finds that Defendant's conduct in discovery in this case, while imperfect, does not suggest any underlying bad faith. Further, Plaintiff has not established that Defendant's conduct has sufficiently prejudiced its ability to proceed with the action so as to warrant many of the sanctions it asks the Court to impose. Accordingly, the Court will deny Plaintiff's motion for sanctions without prejudice.

An appropriate order follows.

**BY THE COURT:**

**/s/ Petrese B. Tucker**
_____
**Hon. Petrese B. Tucker, U.S.D.J.**