# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOLL BROS. INC., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-1296 |
| CENTURY SURETY COMPANY, ET AL., : | |
| : | |
| Defendants. : | |

## MEMORANDUM OPINION

Tucker J., June, ___ 2011

The parties have fully briefed cross-motions for summary judgment. Presently before the Court is Plaintiff, Toll Bros. Inc.'s Motion For Partial Summary Judgment (Doc. 41); Defendant Essex Insurance Company's Response in Opposition thereto (Doc. 45); Defendant Essex Insurance Company's Motion For Summary Judgment (Doc. 40) and Plaintiff, Toll Bros. Inc's Response in Opposition thereto (Doc. 44). Upon careful consideration of the parties' submissions and exhibits thereto and for the reasons set forth below the Court will deny the motions without prejudice.

**I.          FACTUAL BACKGROUND**

The above-captioned action is procedurally complex and in fact stems from, and is related to, several other actions filed in both state and federal court, including the instant Court.

**The facts as alleged in Plaintiff's Complaint are as follows:**

Plaintiff, Toll Bros. Inc. ("Toll Bros.") is a Delaware Corporation in the business of

residential construction, including building townhomes, condominiums, single-family homes and rental units in the greater Philadelphia area and elsewhere. (Compl. ¶¶ 2, 9.) Defendant Essex Insurance Company ("Essex") is a commercial insurer, organized and existing under the laws of the State of Delaware, with a principal place of business in Glen Allen, Virginia. (Compl. ¶ 5.) In April, 1999, Toll Bros. alleges that it subcontracted H.A.S. Protection Inc. ("H.A.S."), a Pennsylvania corporation, to design, provide and install fire suppression systems in various homes under construction by Plaintiff in the greater Philadelphia area.[1] (Compl. ¶¶ 7, 11.) One such construction included Plaintiff's Swedesford Chase Community, located in Chester County, Pennsylvania. (Compl. ¶ 12.) Prior to commencing work on the Swedesford Chase development, the parties entered into a Subcontract Agreement ("Agreement"). (Compl. ¶ 12.)

The Agreement between Toll Bros. and H.A.S. required that H.A.S. indemnify and defend Toll Bros. from any suits related to damages caused by the H.A.S. fire control systems. (Pl.s Br. Ex. A, Article 3.) Accordingly, pursuant to Article 4 of the Agreement, H.A.S. was required to obtain a $ 1,000,000 general liability insurance policy in which Toll Bros. would be named as an additional insured in order to ensure that H.A.S. had the means to satisfy its obligations. (Compl. ¶ 13.)(Pl.s Br. Ex. A, Article 4)

In or around 2003, in accordance with the Agreement, H.A.S. procured an insurance policy from Essex and supplied certificates of said policy to Toll Bros. (Compl. ¶ 14.) Essex underwrote a general liability insurance policy to H.A.S. for the period spanning from June 26, 2003, to June 26, 2004 under Policy Number 3CK6280. (Compl. ¶ 18.) The policy was renewed under Policy Number 3CK6533 for the period spanning from June 26, 2004 to June 26, 2005.

---

[1]H.A.S. is not a party to the instant action.

(Compl. ¶ 19.) The parties dispute whether Toll Bros. was named as an additional insured for the entire duration of the policy and subsequent renewal. Essex avers that Toll Bros. was named as an additional insured under Policy No. 3CK6280, with an endorsement effective date of October 30, 2003. Thus, according to Essex's averment Toll Bros. was covered as an additional insured only for the period spanning from October 30, 2003, to June 26, 2004. Toll Bros disputes this limitation and contends that it was covered as an additional insured for the entire duration of the insurance contract, namely, June 26, 2003 to June 26, 2005.

The Additional Insured Endorsement issued to H.A.S. by Essex provides:

> **SECTION II - WHO IS AN INSURED** of the Commercial
> General Liability
> Form is amended to include:
> Person or Entity:
> TOLL BROTHERS, INC. AND IT'S SUBSIDIARIES AND
> AFFILIATES
> ...
> Interest of the Above:
> FIRE SUPPRESSION INSTALLATION
> as an additional insured under this policy, but only as respects
> negligent acts or omissions of the named Insured and only for
> occurrences, claims or coverage not otherwise excluded in the
> policy.
>
> It is further agreed that where no coverage shall apply herein for
> the Named Insured, no coverage nor defense shall be afforded to
> the above-identified additional insured.

Thus, as an additional insured, Toll Bros.'s coverage under the Essex insurance policy was coextensive with the coverage for H.A.S., the named insured.

In June, 2003, homeowners in the Swedesford Chase Community began informing Toll Bros. that the fire suppression systems installed in their respective homes were malfunctioning and causing damage. Consequently, said homeowners sought reimbursement and coverage under their warranties. In 2005 and 2006, Toll Bros. was named as a defendant, alongside H.A.S., in three state court actions filed by said homeowners in Chester County, Pennsylvania.[2] (Compl. ¶ 20.) The Ort plaintiffs averred that their home was damaged on January 23, 2004 and on August 8, 2004. (Compl. ¶ 21.) The Hoffman plaintiffs alleged that their home was damaged on September 21, 2005. (Compl. ¶ 22.) Last, the Schwaninger plaintiff alleged that his home was damaged on July 18, 2005. (Compl. ¶ 23.) In each suit, the plaintiffs alleged that their respective homes were damaged as a result of malfunctioning fire suppression equipment installed by H.A.S. (Compl. ¶ 21.)

Plaintiff, as an additional insured, demanded that Essex defend and indemnify Toll Bros. in the Ort, Hoffman and Schwaninger actions, however, Essex refused to do so. (Compl. ¶¶ 26, 27.) Despite refusing to defend Toll Bros. in the state court actions, Essex provided a defense to H.A.S., the named insured, in all three actions. As a result of Essex's refusal to defend Toll Bros., Plaintiff retained counsel at its own expense to defend Toll Bros. in the Ort, Hoffman and Schwaninger actions. Each action terminated after the parties reached a settlement agreement at a court ordered settlement conference. During the pendency of these actions, Toll Bros. filed suit

---

[2]Ronald and Mary Ellen Ort, et.al.v. Harvel Plastics, et.al., No. 05-05604; John and Debra Hoffman v. Toll Brothers, Inc., et.al., No. 06-05899; Schwaninger v. Toll Brothers, Inc., et.al., No. 06-5900(referred to collectively as the "underlying complaints against Toll Bros.").

against Essex alleging breach of contract and breach of good faith and fair dealing, and seeking declaratory judgment. Toll Bros. continues to contend that Essex was required to defend and indemnify in these suits.

II.                            **PROCEDURAL BACKGROUND**

    A.     **Essex Declaratory Judgment Action**

On November 16, 2006, Essex initiated a declaratory judgment action against H.A.S. before this Court in Essex Ins. Co. v. H.A.S. Prot., Inc., No. 06-5076 (E.D. Pa. filed Nov. 16, 2006). In that action, Essex alleged that H.A.S., applied for insurance coverage knowing that it was facing significant legal exposure stemming from H.A.S.'s, installation of defective "Senju"-brand sprinkler heads, however, H.A.S. failed to disclose that potential liability in its insurance application. Accordingly, Essex sought the rescission and nullification of its insurance contract with H.A.S., as well as a declaration that Essex had no duty to defend or indemnify H.A.S. against any claim involving the defective sprinkler heads. H.A.S. failed to enter an appearance in the action and did not answer or otherwise respond to Plaintiff's Complaint. The Court found that H.A.S. knowingly made material misrepresentations of fact by failing to disclose known and potential claims regarding Senju sprinkler heads to Essex during the insurance application process. Accordingly, on May 7, 2007, the Court granted Essex's unopposed motion for summary judgment, rescinded the insurance contract and awarded all desired declaratory relief to Essex. (Doc. 9) Additionally, the Court also declared that Essex was no longer required to defend or indemnify H.A.S. in any known or future claims against H.A.S. relating to the defective design or installation of any sprinkler system (including but not limited

to the Senju sprinkler systems). Subsequently, Toll Bros. filed a motion to intervene and stay the action on May 8, 2007, which the Court denied as moot in an Order entered on May 11, 2007. (Doc.10)

**B.     Toll Bros.'s Breach of Contract Action**

On February 15, 2007, apparently unaware of the Essex Ins. Co. v. H.A.S. Prot., Inc., No. 06-5076 action, Plaintiff in the instant action, Toll Bros. commenced an action against Essex and three other insurers in the Court of Common Pleas, Chester County, PA, Toll Bros., Inc. v. Century Sur. Co., No. 07-01458.  There Toll Bros. sought declaratory judgment that Essex was required to defend and indemnify Plaintiff in all litigation arising from the installation of the sprinklers by H.A.S..  Toll Bros alleged breach of contract, breach of good faith and breach of fair dealing.[3]   In said action Toll Bros. argued that Essex was required to defend and indemnify Toll Bros. in all litigation arising from the installation of the sprinklers by H.A.S. but failed to do so.  Accordingly, Plaintiff, as an additional insured sought to compel Essex to defend and indemnify Toll Bros.  On March 30, 2007, Essex removed the action to the Eastern District of Pennsylvania and the matter was assigned to this Court for resolution. Toll Bros., Inc. v. Century Sur. Co., 2008 U.S. Dist. LEXIS 17998 (E.D. Pa. Mar. 6, 2008)  On November 8, 2007, Essex filed a motion for summary judgment.  In said motion, Essex argued that the Court's decision in Essex Insurance Co. v. H.A.S. Protection, Inc., No., 06-5076, had claim preclusive affect on Plaintiff's claims.  After oral argument on the motion, on March 7, 2008, the Court entered an

---

[3]  Toll Bros. originally filed suit against four defendants: Essex, Century Surety Insurance Company, Transportation Insurance Company and ABC Corps. 1-100.  Toll Bros. voluntarily dismissed its claims against Transportation Insurance Company and Century Surety Insurance Company on June 13, 2007 and August 21, 2007, respectively.

Order and accompanying memorandum granting Essex's motion for summary judgment finding that Plaintiff's claims were barred by the doctrine of res judicata. Century Sur. Co., 2008 U.S. Dist. LEXIS 17998 at * 8-10. The Court also determined that as an additional insured Toll Bros. had no rights under the Essex insurance policy that survived the termination of the policy as to the named insured, H.A.S. Id. at * 12.

Thereafter, on April 1, 2008, Toll Bros. filed a timely notice of appeal of the Court's grant of summary judgment in favor Essex on Toll Bros.'s claims that Essex breached an insurance contract by failing to defend or indemnify Toll Bros. from a series of claims for damages. (Doc. 28) On November 12, 2009, the United States Court of Appeals For the Third Circuit entered an Order reversing and remanding the Court's grant of summary judgment in favor of Essex. (Doc. 31) In doing so, the Third Circuit found that Toll Bros.'s claims were not barred by res judicata as "there was no privity between H.A.S. and Toll for purposes of determining the preclusive effect vis a vis Toll [Bros.,] of Essex's default summary judgment against H.A.S." Toll Bros. v. Century Sur. Co., 318 Fed. Appx. 107, 112 (3d Cir. 2009). In reversing the Court's grant of summary judgment, the Third Circuit specifically noted that its decision permits Toll Bros. to contest whether H.A.S. in fact perpetrated a fraud entitling Essex to void its H.A.S. policy. Id. at 113.

Plaintiff now asks the Court to grant Toll Bros. partial summary judgment in relation to Defendant Essex's duty to indemnify and defend Toll Bros in the Ort lawsuit. Additionally, Defendant asks the Court to grant summary judgment in its favor on all claims. These motions are the subject of the instant opinion.

**III.            LEGAL STANDARD**

Summary judgment is appropriate where the movant establishes that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 501 (3d Cir. 2008). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). See also Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex, 477 U.S. at 327 (1986).

Once the movant has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Under Rule 56(e), the opponent must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. See Martin v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007). If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249; Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir.

2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-movant. See Matsushita, 475 U.S. at 587; Horsehead Indus., Inc. v. Paramount Commc'ns, Inc., 258 F.3d 132, 140 (3d Cir. 2001). The court must award summary judgment on all claims unless the non-movant shows through affidavits or admissible evidence that an issue of material fact remains. See, e.g., Love v. Rancocas Hosp., 270 F. Supp. 2d 576, 579 (D.N.J. 2003); Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

**IV.**                                  **DISCUSSION**

**A.**      **Essex's Motion For Summary Judgment**

Essex asks the Court to grant summary judgment in its favor and sets forth the following arguments in support of its motion. First, Essex argues that there is no coverage available with respect to the Essex insurance policies because they have been rescinded and declared null and void by this Court's Order in Essex v. H.A.S. Protection.[4] Moreover, Essex avers that said Order is now final and no appeals have been taken in that action. Second, Essex claims that if res judicata or collateral estoppel does not bar the instant action, coverage is barred under the express terms of the insurance policy. Specifically, Essex contends that coverage is precluded because (1) the asserted claims occurred after the expiration of the Essex insurance policies and/or additional insured endorsement, (2) the allegations of the three state court actions make clear that there has not been an "occurrence" as defined by the policy, and (3) several of the

---

[4] The Third Circuit has held the recession of the contract does not have preclusive effect on Plaintiff's claims and accordingly does not have a bearing on Plaintiff's ability to seek coverage under the insurance policy as an additional insured.

policy's provisions expressly preclude coverage.[5] (Def.'s Br. 17-23.)

**The Recession of the Contract Does Not Preclude Toll Bros. From Enforcing its Contractual Right to a Defense and Indemnification**

On May 7, 2007, the Court entered an Order rescinding the insurance policy entered into by Essex and H.A.S. after finding that H.A.S. knowingly made material misrepresentations of fact by failing to disclose known and potential claims regarding Senju sprinkler heads to Essex during the insurance application process. Accordingly, the Court determined that Essex was no longer obligated to defend or indemnify H.A.S. in the actions stemming from the alleged defective Senju sprinkler heads. Essex argues that the Court's May 7, 2007 Order precludes Plaintiff, an additional insured, from seeking coverage under said policy as it has been rescinded and the additional insured endorsement specifically provides that where no coverage shall apply for the named insured, no coverage nor defense shall be afforded to the additional insured. (Def.'s Br. 16). Essex further argues that the decision has become final as Plaintiff failed to file a timely notice of appeal of the Court's decision of the May 7, 2007 Order or the May 11, 2007 Order denying Plaintiff's motion to intervene in the Essex v. H.A.S. Protection action. Thus, Essex argues Plaintiff is precluded from seeking coverage under the policies.

In opposition, Plaintiff argues that Toll Bros. has been denied discovery by Essex and is thus prevented from presenting a comprehensive opposition to Essex's motion for summary judgment. (Pl.'s Mem of Law in Opp'n 15) Specifically, Plaintiff avers that it has been unable

---

[5] The provisions Essex relies on in making this assertion are as follow: Breach of Contract Exclusion, Contractual Liability Exclusion, "Damage to Property," "Damage to Your Product," and/or "Damage to Your Work."

to depose Essex personnel concerning the following areas:

  (a)  Facts and circumstances surrounding H.A.S.'s application(s) for insurance with Essex;

  (b)  Underwriting events that determined the extent of coverage provided under the Essex Policies of Insurance and/or the intended meaning of terms and or endorsements included in the Essex Policies of Insurance;

  (c)  What representations or requests were made by H.A.S. to Essex in realtion to individuals or entities to be included as additional insureds on the Essex Policies of Insurance;

  (d)  The issuance of the Essex Policies of Insurance to H.A.S.;

  (e)  Who was in fact designated as an additional insured on the Essex Policies of Insurance;

  (f)  Any and all facts surrounding the renewal of the Essex Policies of Insurance and inclusion of Toll as an additional insured as part of the policy renewal process;

  (g)  Essex's awareness of claims asserted by individuals and/or entities (including <u>Ort</u>, <u>Hoffman</u> and <u>Schwaninger</u>) against H.A.S. in relation to faulty fire suppression systems installed by H.A.S.;

  (h)  Facts and circumstances surrounding Essex's decision to defend H.A.S., under the Essex Policies of Insurance, in relation to claims asserted against H.A.S. under the Essex Policies of Insurance, including the <u>Ort</u> lawsuit;

  (i)  The nature of any defense provided by Essex to H.A.S. under the Essex Policies of Insurance;

  (j)  Facts and circumstances surrounding Essex's failure to provide a defense to Toll (and failure to respond to Toll's tender demands) as [an] additional insured under the Essex Policies of Insurance, despite the fact that it was providing a defense to H.A.S. in, at a minimum, the <u>Ort</u> lawsuit;

  (k)  Essex's investigation into the facts and allegations asserted in the <u>Ort</u>, <u>Hoffman</u> and <u>Schwaninger</u> lawsuits and their determinations as to why the claims asserted are not covered claims under the Essex Policies of Insurance; and

  (l)  Essex's investigation into alleged omissions and/or act of fraud and/or misrepresentation made by H.A.S. to Essex which led Essex which led Essex to

-11-

seek a determination from the Court that the Essex Policies of Insurance were null and void.

(Pl.'s Mem of Law in Opp'n 16-17) Without this information, Plaintiff contends that it is unable to defend against the arguments raised by Essex in its summary judgment motion. The Court agrees. Although Plaintiff makes this concession admitting that summary judgment at this stage is not warranted as material issues remain requiring exploration, Plaintiff simultaneously asks this Court to grant its partial motion for summary judgment.

Neither party is in a position to seek judgment as a matter of law pursuant to Fed. R. Civ. P. 56, as neither party has addressed the first and most important inquiry in this action, which may be dispositive of the entire matter — namely, whether H.A.S. misrepresented material facts during the insurance application and/or renewal process, thereby perpetrating a fraud. In deciding Plaintiff's appeal, the Third Circuit expressly noted that Toll Bros. is permitted "to contest whether H.A.S. **in fact** perpetrated a fraud entitling Essex to void . . .[the] H.A.S. policy" and to propose arguments that the insurance policies may permit coverage to Plaintiff, notwithstanding the recision of the policy. Toll Bros. v. Century Sur. Co., 318 Fed. Appx. 107, 113 (3d Cir. 2009) (emphasis added). Plaintiff's pleading makes clear that it does not have sufficient information to establish whether H.A.S. did in fact perpetrate a fraud in the insurance application process. The Court cannot address the other arguments raised by either party as to existence of coverage under the express terms of the insurance policy, without first addressing this issue.[6] If it is found that H.A.S. did in fact perpetrate a fraud in the application process, Toll

---

[6]In addition to Essex's argument that summary judgment is warranted under the doctrines of res judicata and collateral estoppel, Essex also argues that coverage is barred under the express terms of the insurance policy. Specifically, Essex contends that coverage is precluded because (1) the asserted claims occurred after the expiration of the Essex insurance policies and/or additional insured endorsement, (2)

Bros. will not be entitled to coverage under the policy. On the other hand, if H.A.S. did not perpetrate a fraud in the application or renewal process, coverage may still be barred under the express terms of the policy. The Court cannot however delve into the latter issues without determining whether H.A.S. in fact engaged in fraud.[7] Accordingly, the Court finds that there remain genuine issues of material fact and will deny Defendant's motion on this basis.

**B.     Toll Bros.'s Motion For Summary Judgment**

Plaintiff asks this court to grant summary judgment in its favor on the sole issue of whether Essex had a duty to provide a defense to Toll Bros. with respect to the <u>Ort</u> action. Plaintiff also seeks an Order requiring Essex to reimburse Toll Bros. for the litigation costs incurred in the <u>Ort</u> action. The Court will deny Plaintiff's motion for partial summary judgment for the same reasons discussed above.

**V.                                    CONCLUSION**

Accordingly, the Court will deny both motions for summary judgment as there remain genuine issues of material fact.

An appropriate order follows.

                                         **BY THE COURT:**

                                         **/s/ Petrese B. Tucker**

                                         _____
                                         **Hon. Petrese B. Tucker, U.S.D.J.**

---

the allegations of the three state court actions make clear that there has not been an "occurrence" as defined by the policy, and (3) several of the policy's provisions expressly preclude coverage. The provisions Essex relies on in making this assertion are as follow: Breach of Contract Exclusion, Contractual Liability Exclusion, "Damage to Property," "Damage to Your Product," and/or "Damage to Your Work."

    [7] The Court will allow the parties to engage in discovery on this issue.